IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case:    4:21-CR-294-01 |
| *Plaintiff(s)* ) | |
| v. ) | Judge:   Lee P. Rudofsky |
| ) | |
| Kaelon Rhodes ) | |
| ) | |
| *Defendant(s)* ) | |

**DEFENDANT'S MOTION FOR CONTINUANCE**

Comes now the Defendant, Kaelon Rhodes, by and through his attorney, Christopher H. Baker, of the James Law Firm, and respectfully motions this court as follows:

1. This matter is currently scheduled for Jury Trial on January 24, 2023 at 9:30 a.m.

2. Defense Counsel is currently scheduled for two jury trials in the Eastern District on January 23, 2023, specifically 4:19-CR-437-DPM and 4:19-CR-530-DPM. Absent unforeseen and emergent circumstances, Defense Counsel fully expects the 4:19-CR-437 to proceed. A motion to continue a 2nd trial on that same day in case 4:19-CR-530 was filed on December 21, 2022 and is awaiting response. This trial is expected to last multiple days.

3. Substitute Counsel(s) also have numerous scheduling conflicts with the above date as well. The Firm's Counsel are set for jury trials on January 23, 2023, at 9:00 a.m. in Clark County Circuit Court on *State v. Christopher Elliott,* 10CR-21-68; in Bradley County Circuit Court for *State v. Edgar Cortez-Viscaya*, 06CR-21-89; and in Pulaski County Circuit Court 7th Division for *State v. Jose* Gonzalez, 60CR-19-5024 and *State v. Matthew Lytle* 60CR-20-2066, all of which are

expected to proceed as scheduled and most are expected to exceed one trial day. On January 24, 2023, an additional case is set for trial in 60CR-20-328, 329, and 420 in the Pulaski County Circuit Court, 7th division.

4. Defense Counsel has verified with the Government that this motion is unopposed. The Government would request that the time be excluded. The time period for this delay should be excluded under 18 U.S.C. 3161(h)(7)(a). The Defendant waives his right to a speedy trial for the duration of this continuance the additional time caused by this motion is excludable under the Speedy Trial Act.

5. Defense Counsel is also aware of the importance of this Court's time and calendaring and is making his best effort to not "not obstruct orderly judicial procedure or deprive courts of their inherent power to control the administration of justice." *United States v. Vallery*, 108 F.3d 155, 157 (8th Cir. 1997). To aid the Court in its current decision, Defense Counsel is providing supplemental information to appropriately address the necessary factors in determining a continuance. *See United States v. Cordy*, 560 F.3d 808 (8th Cir. 2009)(outlining the five relevant factors in a continuance as the nature of the case, diligence of parties, conduct of the parties, effect and disadvantage of granting the continuance, and the asserted need for the continuance.).

6. The nature of this case stems from an alleged transportation and shipment of two packages containing possible contraband. The case began around February 2021 and an indictment was filed on November 3rd, 2021. The case has been continued by solely by the defense on one prior occasion and a second time that was requested jointly with the Government due to scheduling conflicts.

7.      During the course of this matter, Defense Counsel has sought to diligently pursue all available options to bring this matter to a final disposition.  Since being engaged with this matter, Defense Counsel has requested, received, and reviewed additional discovery item.  Defense Counsel continues to pursue alternative resolutions to trial, and a potential non-trial resolution appears to be on the horizon.  Defense Counsel has made best efforts to review and analyze the associated crimes, penalties, and potential outcomes to provide reasoned guidance to Mr. Rhodes.   Defense Counsel is also actively in trial preparation for this case and two others concurrently (identified *supra* ¶ 2).

8.      The Government has, thus far, fully cooperated in this matter and this request for continuance is not based on their contributions or actions to this case.

9.      The effect of this continuance is multi-part.  The initial effect is that the overarching public interest in the prompt disposition of criminal cases is slightly extended.   Next, the Court itself is then affected whenever a previously scheduled item is adjusted or moved and availability on the docket is reduced.  Competing alongside these important interests, is the Defendant's right to counsel, and that counsel's ability to provide effective assistance.

10.     With the prior interests in mind, Defense Counsel believes that the overall interest for all parties is most appropriately served and balanced by resetting this matter to be heard on a further date.  Importantly, Defense Counsel believes that if forced to participate in two separate trials on the same date, the representation of the Defendant may be significantly prejudiced.  This is because Defense Counsel requires time following a trial or hearing to potentially review transcripts, witness testimony, and prepare for the next rounds of proceedings.

11. Finally, the asserted need for the continuance is to allow for effective representation of Defense Counsel's clients. Defense Counsel has brought this motion in good faith and with utmost respect to the Court's docket and continues to firmly believe that the ends of justice are most honorably respected and served if a continuance is issued in this case.

WHEREFORE, Defendant prays that this matter be continued and for all other proper relief.

Dated: December 22, 2022                    Respectfully submitted,

/s/ Christopher H. Baker
Christopher H. Baker, Esq.
Arkansas Bar No. 2022124
*Attorney for Kaelon Rhodes*
Email: Chris@Jamesfirm.com
James Law Firm
1001 La Harpe Blvd.
Little Rock, Arkansas 72201
Telephone: (501) 375-0900
Fax: (501) 375-1356