IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                                          **PLAINTIFF**

v.                            **Case No. 4:21-CR-00294-01-LPR**

**KAELON RHODES**                                                                                     **DEFENDANT**

**ORDER**

Defendant's Motion to Reduce Sentence (Doc. 54) is DENIED.

Amendment 821 lowers Defendant's criminal history category from II to I, making his new guideline range 46 to 57 months. However, he was sentence to 42 months, which is below the new range, so he is not eligible for an additional reduction.[1]

Additionally, Defendant's plea agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[3]

IT IS SO ORDERED this 5th day of April, 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G. § 1.10(b)(2) (explicitly prohibiting a sentence below the amended guideline range unless a defendant previously had been sentenced below the guideline range based on substantial assistance).

[2] Doc. No. 44.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).